## Daly v. Jaffe

*Walter Lazaroff*, for plaintiff.
*Frederick V. Fletcher, II*, for defendant.
*Edward Sommers*, for additional defendant.

TAKIFF, *J.*, January 29, 1979—Before the court are the preliminary objections of additional defendant, City of Philadelphia, to its joinder by original defendant. Plaintiff's cause of action arose when he allegedly tripped and fell because of the claimed defective condition of the sidewalk abutting the property of defendant Jaffe. The property owner joined the City of Philadelphia as an additional defendant, averring the city's exclusive possession and control of trees lining the streets and that the tree caused the displacement of the paving blocks of the sidewalk upon which plaintiff tripped.

The city preliminarily objected to its joinder, claiming that "[I]nasmuch as a property owner is estopped under Pennsylvania law from joining as an additional defendant one who is secondarily liable, Defendant Jaffee's complaint is in nonconformity with the law." The city's memorandum of law elaborates its position, claiming that the liability of a property owner due to a dangerous or defective sidewalk is primary, and the liability of a municipality is only secondary. The city, therefore, contends that it cannot be joined as an additional defendant.

The general rule of law propounded by the city is valid. However, the city has not been sued in the capacity of one secondarily liable. The complaint

alleges primary negligence because of the city's statutory duty to maintain trees along the public sidewalk: Act of May 31, 1907, P.L. 349, sec. 1, 53 P.S. §3291; Philadelphia Code §15-204(1). Thus the city may be found a sole or joint tortfeasor, apart from its secondary liability. Flynn v. Chester, 429 Pa. 170, 239 A. 2d 322 (1968), unequivocally supports the proposition that a municipality may be found liable without liability over where the sidewalk defect has been created by the municipality itself.

Wherefore we enter the following

### ORDER

And now, January 29, 1979, it is hereby ordered and decreed that the preliminary objections of additional defendant are hereby dismissed.